CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 13 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 4:12-cr-00021-2 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM R. WHYTE, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Defendant William R. Whyte was convicted by a jury on October 9, 2017, of nine counts of various forms of fraud and false claims. Following the verdict, Defendant moved to set aside the verdict, arguing among other things that the government improperly withheld Brady material. I reviewed the evidence and denied his motion. He has now filed a motion for reconsideration of that ruling, contending that I did not fully appreciate the evidence he cited. His motion will be denied.

I.     **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Following the jury's verdict, Defendant moved to set aside the verdict, under Rule 29, or for a new trial, under Rule 33. In support of his motion, Defendant cited an email and letter, drafted by Frank Skinner[1] *after* the trial, as evidence that the government withheld evidence favorable to him that was material to his guilt, in violation of Brady v. Maryland, 373 U.S. 83 (1963). I reviewed the letter in conjunction with Defendant's motion and found his argument to be without merit. At the time, I stated Defendant had failed to carry his burden to show that any material evidence had been actually withheld. His *speculation* that material evidence was

---

[1] Skinner was the government's primary informant and presumed star witness. During the trial, the government elected *not* to call Frank Skinner as a witness, much to the surprise of Defendant and the Court.

withheld, I reasoned, was insufficient to show that it actually was. Accordingly, I denied his motion.

Shortly thereafter, Defendant filed the present motion for reconsideration. In support of his motion, Defendant relies on the same evidence he cited originally. He contends that I overlooked, or failed to appropriately consider, evidence included in his supplemental motion; specifically, the letter from Frank Skinner to the government's attorneys. He briefed his argument, the government responded, and Defendant replied. I have considered all the evidence and argument, so the matter is now ripe for disposition.[2]

## II. STANDARD OF REVIEW

Although motions for reconsideration are not expressly provided for in the Federal Rules of Criminal Procedure, courts have long recognized their propriety in the criminal setting. See, e.g., United States v. Dieter, 429 U.S. 6, 8 n.3 (1976) (referring to treatment of motions to reconsider in criminal cases as a "traditional and virtually unquestioned practice"). In addressing such motions, the civil rules regarding motions to reconsider set the standards for consideration. See United States v. Dickerson, 971 F. Supp. 1023, 1024 (E.D. Va. 1997), rev'd on other grounds, 166 F.3d 667 (4th Cir. 1999), rev'd 530 U.S. 428 (2000). Because the decision Defendant asks me to reconsider is my ruling on his motion to set aside the jury's verdict, Civil Rule 59(e) regarding motions to alter or amend the judgment is the appropriate analog. Although that rule does not set forth specific grounds for altering or amending a final judgment, the Fourth Circuit recognizes three grounds for amending a judgment:

>   (1) to accommodate an intervening change in controlling law;
>   (2) to account for new evidence not available at trial; or
>   (3) to correct a clear error of law or prevent manifest injustice.

---

[2] I am dispensing with oral argument, as the evidence was appropriately argued during the hearing on Defendant's Motion to Set Aside the Verdict.

Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Where the motion [for reconsideration] is nothing more than a request that the district court change its mind, however, it is not authorized . . . ." United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).

## III. DISCUSSION

At the outset, Defendant's motion is nothing more "than a request that the district court change its mind," id., and is therefore improper. Moreover, Defendant has made no effort whatsoever to argue that his motion asserts any of the appropriate grounds for reconsideration. See Hutchinson, 994 F.2d at 1081. On either issue, his Motion is improperly before the Court. Nevertheless, even reaching the merits of his Motion, I see no reason to alter my original ruling.

Defendant takes issue with my failure to discuss Frank Skinner's October 27, 2017, letter,[3] so I will endeavor to explain further why I believe the government has not violated its obligations under Brady. First and foremost, the Skinner letter was received by the government attorney on October 27, 2017, eighteen days *after* the jury returned its verdict. Although the government attorneys were not as prompt as possible in disclosing the letter, they nevertheless forwarded the letter to Defendant's counsel on December 4, 2017, in advance of the hearing on Defendant's Motion to Set Aside the Verdict. I fail to see, then, how the letter was *actually* withheld. See United States v. Warhop, 732 F. 2d 775, 778 (10th Cir. 1984) (holding that, to succeed on a Brady claim, a defendant must prove "the suppression of the evidence by the government").

Turning to the content of the letter, the vast majority of its substance is Skinner's recitation of the hardships he has faced because he came forward against Defendant. He outlines

---

[3] While I understand Defendant's desire to have every piece of evidence analyzed and discussed, the sheer volume of evidence makes such a task virtually impossible. I note here, again, that all the relevant evidence was reviewed for consideration of the prior motion. The omission of any specific piece of evidence in my ruling, or any ruling, does not mean that the evidence was not given due consideration.

- 3 -

his financial issues, as well as his belief that Defendant has tried to "discredit and destroy [him] personally and professionally." He further elaborates on the physical toll being a government witness has taken on his wife. He also discusses his role in the civil *qui tam* case and his opinion of his attorneys' efforts in that proceeding. Nothing there is material to Defendant's trial, let alone exculpatory.

Defendant then argues that Skinner's reference to the government attorney's statement—"Your opening statement to me, 'Had I been the prosecutor, I would have charged you', rocked me down to the ground and set the stage for my concerns"— represents evidence of an "alternate perpetrator." See Juniper v. Zook, 876 F.3d 551, 570 (4th Cir. 2017). Put another way, Defendant contends that the prosecutor's opinion is evidence to which he is entitled under Brady. Never mind that such evidence is inadmissible, see, e.g., Fed. R. Evid. 501, 602, 701, and wholly irrelevant, see Fed. R. Evid. 401, Defendant believes Brady required the government to turn over the prosecutor's opinions. It does not.

As a variation on his argument, Defendant next contends the "government withheld any report(s) documenting trial preparation meetings with Frank Skinner which took place on September 13 and 14, 2017." While no "report" was disclosed, Defendant has not offered any evidence to show that a "report" was created. Nevertheless, on September 15, the government informed Defendant's counsel:

> In addition, at meetings on September 13-14, 2017, at which Agent Schoeneweis was present, Frank Skinner stated on multiple occasions that he does not remember the events of 2006, but provided information consistent to his prior testimony. He also stated that, on an unknown date, he emailed Duke Leonard that the door handles on the vehicle were bad, or words to that effect. On September 15, 2017, in a telephone call to Agent Schoeneweis, Skinner clarified his prior statement and stated that he told Duke Leonard and other unknown person [*sic*], on an unknown date, at a bar while they were drinking, that the vehicles had a problem or

> words to that effect. Leonard stated that this was too bad, because
> the vehicles looked cool, or words to that effect.

(Def.'s Mot. to Set Aside the Verdict Ex. B, Oct. 23, 2017 [ECF No. 189-2].) Additionally, the government disclosed that Skinner would have testified consistently with his deposition testimony in the qui tam case.[4] Despite these disclosures by the government, Defendant surmises that the government's letter represents "'half-truths' intended to conceal exculpatory evidence that was revealed during [the September 13–14] meetings with the government's 'star' witness."

Next, Defendant contends that the government's opinion of Skinner is evidence of an "alternate perpetrator." Whether the government *might* have charged Skinner is not evidence of an alternate perpetrator, and it certainly is not "evidence [pointing] to a different individual as perpetrating the convicted offense," as Defendant argues. Rather, it highlights the myriad factors prosecutors must consider when making charging decisions. Defendant has not disputed that any documentary evidence was withheld; thus, he was in possession of evidence suggesting Skinner's involvement.

Throughout the trial, Defendant repeatedly cast blame on Frank Skinner, arguing that Skinner, not Defendant, perpetrated the fraud against the government. He cannot seriously argue that this letter somehow alerted him to a potential "alternate perpetrator" of which he was unaware. With that in mind, Defendant's argument is simply that the government failed to turn over its opinion regarding Frank Skinner. Defendant is not entitled to the government's thoughts and opinions on its evidence.

---

[4] Defendant offers a very misleading argument on this point. In its September 15 letter, the government *did* state that Skinner "provided information consistent with his prior testimony." Obviously, this includes is prior *deposition* testimony, as there were no qualifiers in the government's disclosure. Defendant's quibble, therefore, seems to be the exclusion of the phrase, "testimony the government believes to be false based on overwhelming contradictory evidence." Yet again, at its core, Defendant's complaint is that he was not privy to the government attorneys' *opinions* about Skinner's testimony.

Again, as I stated before, Defendant has failed to show what, if anything, was withheld.[5] And he has certainly failed to show that anything the government may have withheld was "material." See Moore v. Illinois, 408 U.S. 786, 794–95 (1972). At most, Defendant has shown that he did not receive a word-for-word transcript of the government's meetings with Frank Skinner. That is a far cry from establishing wrongful conduct under Brady. As I held before and reiterate here, Defendant has not presented this court with any evidence of a Brady violation.

Defendant admits as much. He says, "[T]he defense cannot present the Court with the physical report that it is referencing." While that is true, it does not go far enough. Defendant cannot show: (1) that a report was even created; (2) what was discussed or disclosed by Skinner and the government attorneys and agents at any such meeting(s); or (3) whether what was discussed or disclosed is information to which Defendant is entitled. He has failed, again, to demonstrate a Brady violation.

In his reply to the government's response, Defendant argues that the government intentionally withheld all the evidence that led it to conclude that Skinner was not a reliable witness. What Defendant cannot show, however, is whether there is any evidence over and above everything that had already been disclosed. Defendant has not even attempted to show that Skinner disclosed something new to the government attorneys and agents on September 13–14. Defendant has not shown the government decided not to call Skinner as a witness because it concluded, based on the wealth of documentary evidence that stood in contrast to his prior testimony, that it could not ethically sponsor Skinner's testimony. (See Mot. in Limine, Oct. 4, 2018 [ECF No. 158].)

---

[5] Defendant assumes, but does not establish, that the government attorney's statement about charging Skinner occurred during the September 13 meeting. The government does not appear to dispute this unsupported assumption.

At the end of the day, Defendant's argument relies solely on speculation. When the government failed to call Frank Skinner, it was a shock. While it was certainly a surprising tactic, it does not establish prosecutorial misconduct or a <u>Brady</u> violation. In the absence—still—of any evidence to show that actual, material evidence was withheld, Defendant has failed to establish that reconsideration of the prior ruling is warranted.

IV. **<u>CONCLUSION</u>**

In analyzing the evidence, Defendant doubts Frank Skinner's honesty with the government. As it turns out, the government ultimately came to the same conclusion. The government was obligated to disclose all material evidence which led it to that conclusion, not its ultimate *opinion* of that evidence. Accordingly, Defendant has failed to carry the burden required to show a <u>Brady</u> violation. Moreover, his Motion to Reconsider is merely a request that I change my mind. For that reason alone, his Motion is improper and will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 13th day of February, 2018.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE