CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 27 2020

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:12cr00021-002 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM R. WHYTE, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Defendant William R. Whyte ("Defendant") was convicted by a jury of defrauding the United States and sentenced to 70 months in federal custody. Defendant is housed at FCI Butner, which has recently suffered a devastating outbreak of COVID-19, the disease caused by the coronavirus. Because of his age, immunocompromised status, and other risk factors, Defendant seeks compassionate release from federal custody.

United States Code Title 18, Section 3882(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that a court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administration rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is found in U.S. Sentencing Guidelines § 1B1.13. That policy provides that, under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to: medical conditions; terminal illness; serious conditions that diminish self-care abilities; age, with deterioration because of the aging process and significant time served; family circumstances; and other extraordinary and compelling reasons other than, or in combination with, the above preceding reasons.

A defendant seeking release under 18 U.S.C. § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." United States v. Heromin, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary and rare event." White v. United States, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

Thankfully, Defendant has not contracted COVID-19, but he does have a reasonable fear[1] that he will and that, because of his past medical history, if he does contract it, the disease could prove fatal. As I have said before, "it is generally the case that the *fear* of contracting a disease while in prison rarely justifies a sentence reduction." United States v. Rumley, No.

---

[1] No two prisons are the same, but the sustained COVID-19 outbreak at Butner makes infection a distinct possibility for Defendant.

4:08cr00005 (W.D. Va. May 14, 2020). Defendant's case, however, falls into that rare exception.

First, Defendant is 75 years old. Second, he was previously diagnosed with prostate cancer and underwent radiation therapy in mid- to late 2019. Although he has finished his treatment, his immune system remains compromised, with his white blood cell count below the normal range. The Centers for Disease Controls cites advanced age (over 65) and immunocompromised status as risk factors for complications from COVID-19. See CENTERS FOR DISEASE CONTROL, Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed May 26, 2020). These facts, taken in conjunction with the very real likelihood that he will contract COVID-19 while housed at FCI Butner, represent "extraordinary and compelling reason" warranting a reduction.

Considering the factors of 18 U.S.C. § 3553(a), Defendant is not in prison for a violent offense, and he has no history of violent criminal conduct. Outside of his present conviction, he has no criminal history whatsoever. (See Presentence Report ¶¶ 44–48 [ECF No. 228].) While his criminal conduct was egregious and put the lives of soldiers in harm's way for his own financial gain, the risk to the community should he be released is low. As to the adequate deterrence consideration, although Defendant has not served his full term, he has served over half and is still obligated for full restitution upon his release.

Defendant's age (over 65), immunocompromised status, and lack of violent criminal history are the three primary factors that, to my mind, make him eligible for compassionate release under 18 U.S.C. § 3882(c)(1)(A). Moreover, the situation at Butner is starkly different

than it was even a month ago, meaning that the danger to being housed there is rapidly changing for those at high risk of complications from COVID-19. Therefore, I will order Defendant's release, and he will be obligated to self-quarantine for 14 days upon his release. He is also reminded, in the strongest possible terms, of his restitution obligation, and I note that failure to contact the Probation Officer upon his release and set up a restitution plan will be looked upon extremely harshly by the court.

    The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

    **ENTERED** this 27th day of May, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE